# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JOE F. BEECHER, | ) |
| Plaintiff, | ) Civil Action No.: |
| v. | ) 3:13-CV-00666 |
| FISHNET SECURITY, INC., | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, and complaining of the defendant, alleges and says:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Joe F. Beecher, approximate age 45 at the time of the incidents alleged herein, is a citizen and resident of Mecklenburg County, North Carolina.

3. Defendant, Fishnet Security, Inc., is a Foreign Corporation and may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina, 27601.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. Joe Beecher (hereinafter "Plaintiff" or "Beecher"), began working for Defendant on or about July 16, 2011.

7. Beecher worked at Defendant's Charlotte, North Carolina facility as a District Manager

8. Beecher was qualified for the position of District Manager.

9. Beecher was meeting all performance requirements at the time of his termination and had never been advised prior to his termination that his performance was unacceptable.

10. On or about August 1, 2012, Carlos Burnett, Director, made an age biased comment in Beecher's presence about another employee who was over the age of forty (40).

11. Beecher reported the age biased comment to Deborah Walls, HR Director, that same day, because he believed the comment was unlawful.

12. On or about August 14, 2012, Plaintiff received a letter from Defendant, via UPS overnight mail, informing him that he had been terminated on August 13, 2012. There was no reason given for the termination.

13. Plaintiff alleges that he was performing his job in an acceptable manner to the best of his abilities and had not received any written warnings or any indication that his job was in jeopardy or that his performance was unacceptable.

14. Plaintiff believed that Defendant's real reason for terminating him was retaliation for his complaint of age discrimination.

15. On December 14, 2012, Plaintiff filed a charge of Age Discrimination and Retaliation against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit A.)

16. Upon information and belief, Defendant began an investigation in to Beecher's performance the day after he reported the age biased comments to HR (August 2, 2012) due to his report of same.

17. The EEOC issued Plaintiff a Notice of Right to Sue on September 6, 2013. (A copy of the Notice of Right to Sue is attached hereto as Exhibit B). This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## CLAIM FOR RELIEF
### (ADEA Retaliation, 29 U.S.C. § 621 et. seq.)

18. Plaintiff incorporates by reference the allegations of paragraph 1 through 17 of the Complaint.

19. Plaintiff's complaint about an age biased comment was an activity protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*.

20. Defendant's termination of Plaintiff was motivated by his complaint which was protected activity.

21. A causal connection, including temporal proximity, existed between the protected activity and the termination.

22. Defendant's alleged reasons for Plaintiff's termination are untrue and a mere pretext for retaliation.

23. Defendant's termination of Plaintiff in retaliation for his protected activity violated the ADEA, 29 U.S.C. § 621 *et. seq*.

24. Defendant's termination in violation of the ADEA caused Plaintiff's injuries including but not limited to lost wages, salary, and benefits.

25. Defendant's actions in terminating Plaintiff are intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justifies awarding liquidated damages and punitive damages.

26. Defendant's termination of Plaintiff caused Plaintiff's injuries including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

27. Therefore, Plaintiff sues Defendant for his termination in violation of 29 U.S.C. § 621 *et. seq*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory and/or unlawful actions reference herein.

B. The Court enter a judgment in favor of Plaintiff and against Defendant pursuant to the ADEA for liquidated damages.

C. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in wrongfully discharging Plaintiff.

D. The Court enter an award in favor of Plaintiff and against Defendant pursuant to the ADEA for reasonable expenses and costs including attorney's fees.

E. The Court enter an award in favor of Plaintiff and against Defendant for the great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish caused by Defendant's wrongfully discharging Plaintiff.

F. This matter be tried by a jury.

G. The judgment bear interest at the legal rate from the date of filing this action until paid;

H. Defendant be taxed with the costs of this action; and

I. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 6th day of December, 2013.

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB# 33559
Attorney for the Plaintiff
THE ANGEL LAW FIRM, PLLC
109 Church Street N
Concord NC 28025
PO Box 1296 (28026)
Telephone: 704.262.6903
Facsimile: 704.973.7859
E-mail: kirk@theangellawfirm.com