UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| JOE F. BEECHER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | 3:13-CV-00666 |
| | ) | |
| FISHNET SECURITY, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

# **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant FishNet Security responds to the Complaint as follows:

1. In response to paragraph 1, the Complaint speaks for itself. FishNet denies any right to recover under any law as pled in this action.

2. FishNet is unable to admit or deny the allegations of paragraph 2, and so denies them. FishNet also denies paragraph 2 to the extent it suggests any wrongdoing by FishNet.

3. FishNet admits paragraph 3.

4. FishNet admits paragraph 4 only to the extent the Complaint raises a federal claim. FishNet denies the claim has merit in any way.

5. FishNet denies paragraph 5.

6. FishNet denies paragraph 6.

7. In response to paragraph 7, FishNet admits Plaintiff was employed as a District Manager. FishNet denies the remaining allegations of paragraph 7.

8. FishNet denies paragraph 8.

9. FishNet denies paragraph 9.

10. FishNet denies paragraph 10.

11. FishNet denies paragraph 11.

12. FishNet denies paragraph 12.

13. FishNet denies paragraph 13.

14. FishNet denies paragraph 14.

15. FishNet is unable to admit or deny the allegations of paragraph 15, and so denies them.

16. FishNet denies paragraph 16.

17. FishNet is unable to admit or deny the allegations of paragraph 17, and so denies them.

18. In response to paragraph 18, FishNet incorporates the allegations above.

19. FishNet denies paragraph 19.

20. FishNet denies paragraph 20.

21. FishNet denies paragraph 21.

22. FishNet denies paragraph 22.

23. FishNet denies paragraph 23.

24. FishNet denies paragraph 24.

25. FishNet denies paragraph 25.

26. FishNet denies paragraph 26.

27. FishNet denies paragraph 27. FishNet further denies Plaintiff is entitled to any relief as sought in the WHEREFORE section of Plaintiff's Complaint.

446348 v1

## AFFIRMATIVE DEFENSES

In addition to the defenses and denials set forth above, FishNet asserts the following affirmative and other defenses. In pleading these defenses, FishNet does not admit that it bears the burden of proof, production, or persuasion on such defenses. These defenses are based on the claims as pled at this time and based on a limited investigation and no discovery to date. Defendant reserves the right to amend or add any applicable defenses, including defenses asserted in prior pleadings, as its investigation and discovery continues in this matter, or to address any amendments to the pleadings by Plaintiff or assertion, in any form, of other claims.

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or exhaustion requirements.

2. Plaintiff's claims are barred, in whole or in part, because he has failed to mitigate his damages, if any.

3. Plaintiff's claims are barred, in whole or in part, because neither his age nor his alleged actions taken to complain of alleged discrimination or harassment were a determining, motivating, or contributing factor in any adverse decision taken by Defendant.

4. Plaintiff's damages claims are barred, in whole or in part, because the standard used to determine the amounts of such damages, if any, is vague and overly arbitrary, and, as such, supplies no notice to the potential repercussions of the alleged misconduct, thereby denying Defendant due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as under the North Carolina Constitution. Defendant also affirmatively asserts that any request for arbitrary emotional pain and distress damages and/or subsequent imposition of such damages violates Defendant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as similar provisions of the

North Carolina Constitution. And Defendant affirmatively asserts that any request for arbitrary prestige damages and/or subsequent imposition of such damages violates Defendant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as similar provisions of the North Carolina Constitution.

5. Plaintiff's claims are barred, in whole or in part, because Defendant took all actions with respect to Plaintiff for legitimate, non-discriminatory reasons and Defendant would have taken the same actions regardless of Plaintiff's alleged protected activity or status.

6. Plaintiff's claims are barred, in whole or in part, because he unreasonably failed to take advantage of available corrective opportunities and failed to avoid harm otherwise.

7. Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith to comply with all applicable laws, and any alleged discrimination or harassment is contrary to Defendant's good-faith efforts and not ratified by Defendant.

8. Plaintiff's claims are barred, in whole or in part, because to the extent he alleges to have complained about alleged harassment or discrimination, Defendant took prompt and appropriate remedial measures.

9. Defendant never made any decision nor took any action that was motivated by malice or in reckless disregard for Plaintiff's protected rights.

10. Any allegations not specifically admitted herein are denied.

11. Defendant hereby gives notice that it intends to rely on any other defense that may become available or appear during discovery proceedings in this case and hereby reserves its rights to amend its Answer; to add additional or other defenses; to delete or withdraw defenses; and to add such counterclaims.

This the 4th day of February, 2014.

                                        CRANFILL SUMNER & HARTZOG LLP

                                        By: /s/ Patrick H. Flanagan
                                             Patrick H. Flanagan, Bar No. 17407
                                             P.O. Box 30787
                                             Charlotte, NC 28230
                                             TEL: 704.332.8300
                                             FAX: 704.332.9994
                                      Email: phf@cshlaw.com

                                      and

                                      Mark C. Tatum*
                                      SHOOK HARDY & BACON LLP
                                      2555 Grand Blvd.
                                      Kansas City, MO 64108-2613
                                      TEL: 816.474.6550
                                      FAX: 816.421.5547
                                      Email: mtatum@shb.com
                                      *to be admitted pro hac vice*

                                      ATTORNEYS FOR DEFENDANT FISHNET
                                      SECURITY, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2014, I electronically filed the foregoing "Defendant's Answer" with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Kirk Angel, Esq.
>kirk@theangellawfirm.com

>CRANFILL SUMNER & HARTZOG LLP

>By: /s/ Patrick H. Flanagan
>    Patrick H. Flanagan, Bar No. 17407
>    P.O. Box 30787
>    Charlotte, NC  28230
>    TEL:  704.332.8300
>    FAX:  704.332.9994
>    Email:  phf@cshlaw.com